**FILED**

**JAMES J. VILT, JR. - CLERK**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**OCT 05 2023**

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                                    CRIMINAL NO. 3:22-CR-91-CRS

JAMISON GANN                                                                      DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) (A) and (B) of the Federal Rules of Criminal Procedure, the

United States of America, by Michael A. Bennett, United States Attorney for the Western

District of Kentucky, and defendant, Jamison Gann, and his attorney, Donald J. Meier, have

agreed upon the following:

1.        Defendant acknowledges that he has been charged in the Indictment in this case

with violations of Title 18, United States Code, Sections 2251(a), 2251(e), 2422(b), and 1470.

Defendant further acknowledges that the Indictment in this case seeks forfeiture of any and all

property constituting, or derived from, proceeds said defendant obtained, directly or indirectly, as

a result of the said offense, and any and all of defendant's property used, or intended to be used,

in any manner or part, to commit or to facilitate the commission of the violations alleged in the

indictment pursuant to Title 18, United States Code, Sections 2253, 2428, and 1467, by reason of

the offenses charged in Counts 1, 2, and 3 of the Indictment.

2.        Defendant has read the charges against him contained in the Indictment, and those

charges have been fully explained to him by his attorney.  Defendant fully understands the nature

and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Counts 2 and 3 in this case. Defendant will plead guilty because he is in fact guilty of the charges.  The parties agree to the following factual basis for this plea:

Jamison Gann, while living in Louisville, Kentucky, initiated contact with a law enforcement officer, acting in an undercover (UC) capacity, on a chat website on June 23, 2022. The chat quickly moved to text messages.  That same day very early in the chat, UC told Gann she was 14 years old.  Gann acknowledged her age mentioning he could get in trouble talking with her.  Soon thereafter on the same day Gann requested UC send him "A pic of you completely naked so I can see your whole body A pic of your boobs A pic of your legs spread open so I can see your pussy lol."  GANN continued asking for pictures multiple times throughout the chat.  He then sent her a picture of his erect penis.  When the UC told Gann she was sexually inexperienced he began instructing and educating her about sex.

On June 29, 2022, GANN sent 3 pornographic videos to UC to help educate her on what he wanted to experience with her, including a video of a woman masturbating.  He told the UC to practice on herself and that he would do that to her when they met.  He also sent a video of a man receiving oral sex and told the UC that is what he wants her to do to him.  Between July 5-6, 2022, Gann told the UC he could travel to Bowling Green to meet her and that he loved her and "can't wait to get on one knee to propose."  On July 10, Gann travelled to an apartment complex in Bowling Green that the UC said was her residence.

4.      Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 10 years, a combined maximum term of life imprisonment, a combined maximum fine of $500,000, and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify.  Defendant

2

understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit any and all property constituting, or derived from, proceeds said defendant obtained, directly or indirectly, as a result of the said offense, and any and all of defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations alleged in the indictment.

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

3

7.       Defendant understands that by pleading guilty, he surrenders certain rights set forth below.  Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.       If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.       At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence in his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.       At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify.  If defendant desired to do so, he could testify in his own behalf.

8.       Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to

4

the sentencing process, and to respond to all legal or factual inquiries that might arise either
before, during, or after sentencing. Defendant admits all acts and essential elements of the
indictment counts to which he pleads guilty.

9.      Defendant understands that he may be responsible for a fine, costs of prosecution,
costs of incarceration and supervision which may be required.

10.     Defendant acknowledges liability for the special assessment mandated by 18
U.S.C. § 3013 and will pay the assessment in the amount of $200 to the United States District
Court Clerk's Office by the date of sentencing. Defendant further acknowledges that he is
mandated to pay a $5,000 special assessment, for Count 2, pursuant to Title 18 U.S.C. § 3014, if
the Court finds that he is non-indigent.

11.     At the time of sentencing, the United States will

-move for dismissal of Count 1 of the Indictment.

-recommend a sentence of imprisonment at the lowest end of the
applicable Guideline Range, but not less than any mandatory
minimum term of imprisonment required by law.

-recommend a fine at the lowest end of the applicable Guideline
Range, to be due and payable on the date of sentencing.[1]

-recommend a reduction of 3 levels below the otherwise applicable
Guideline for "acceptance of responsibility" as provided by
§3E1.1(a) and (b), provided the defendant does not engage in
future conduct which violates any federal or state law, violates a
condition of bond, constitutes obstruction of justice, or otherwise
demonstrates a lack of acceptance of responsibility. Should such
conduct occur and the United States, therefore, opposes the
reduction for acceptance, this plea agreement remains binding and
the defendant will not be allowed to withdraw his plea.

-demand forfeiture of Samsung cellular phone.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information,
and that he understands the interest and penalty provisions applicable to the fine imposed and included in the
Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

12.     Both parties have independently reviewed the Sentencing Guidelines applicable in

this case, and in their best judgment and belief, conclude as follows:

A.     The Applicable Offense Level should be determined as follows:

**Attempted Enticement and Travelling**
2G1.3(a)(3) – cross reference to the production guideline of 2G2.1
32     2G2.1(a) – base offense level
+2     2G2.1(b)(1) – minor under 16
+2     2G2.1(b)(6)(B) – use of a computer
36     Total offense level (Group 1)

**Transfer of Obscene Material to a Minor**
10     2G3.1(a) – base offense level
+6     2G3.1(b)(1)(D) – distribution to a minor to entice illegal activity
+2     2G3.1(b)(3) – use of a computer
18     Total offense level (Group 2)

**Combined Offense Level**
36     3D1.4 – because the Group 1 offense level is more than 9 levels above group 2, the total
       offense level is that of Group 1.
-3     3E1.1(a) & (b) – acceptance of responsibility
33     Total offense level

B.     The Criminal History of defendant shall be determined upon

completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).

Both parties reserve the right to object to the USSG §4A1.1 calculation of

defendant's criminal history.  The parties agree to not seek a departure from the

Criminal History Category pursuant to §4A1.3.

C.     The foregoing statements of applicability of sections of the

Sentencing Guidelines and the statement of facts are not binding upon the Court.

The defendant understands the Court will independently calculate the Guidelines

at sentencing and defendant may not withdraw the plea of guilty solely because

6

the Court does not agree with either the statement of facts or Sentencing

Guideline application.

13. Defendant agrees to the following waivers of appellate and post-conviction rights:

    A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

    B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

    C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in proposed amended USSG §1B1.13(b)(1)-(5) (which is scheduled to take effect, absent Congressional action, November 1, 2023). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under proposed amended USSG §1B1.13(b)(6) ("Unusually Long Sentence").

    D. In consideration for the United States' agreement to dismiss Count 1 of the Indictment, the defendant knowingly and voluntarily waives the option to file a motion to have the defendant's sentence modified under 18 U.S.C. § 3582(c)(2), due to a future change in the Sentencing Guidelines that lowers the defendant's guideline range.

14.     Defendant agrees to waive any double jeopardy challenges that defendant may

have to any administrative or civil forfeiture actions arising out of the course of conduct that

provide the factual basis for this Indictment.  Defendant further agrees to waive any double

jeopardy challenges that defendant may have to the charges in this Indictment based upon any

pending or completed administrative or civil forfeiture actions.

15.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed so that at sentencing the Court will have the benefit of all relevant information.

16.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R.

8

Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course

of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement

agency.

20.     The defendant understands and agrees that, consistent with the provisions of 18

U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

21.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the

recommendations of the United States are not binding on the Court. In other words, the Court is

not bound by the sentencing recommendation and defendant will have no right to withdraw his

guilty plea if the Court decides not to accept the sentencing recommendation set forth in this

Agreement.

22.     Defendant agrees that the disposition provided for within this Agreement is fair,

taking into account all aggravating and mitigating factors. Defendant states that he has informed

the United States Attorney's Office and the Probation Officer, either directly or through his

attorney, of all mitigating factors.

23.     The defendant has been advised and understands, that under the Sex Offender

Registration and Notification Act (42 USC §§ 16901 et. seq), the defendant must register and

keep the registration current in each of the following jurisdictions: the location of the defendant's

residence, the location of the defendant's employment; and, if the defendant is a student, the

location of the defendant's school. Registration will require that the defendant provide

information that includes name, residence address, and the names and addresses of any places at

which the defendant is or will be an employee or a student. The defendant understands that he

must update his registrations not later than three business days after any change of name,

residence, employment, or student status. The defendant understands that he must notify the

9

relevant registration authority with information relating to intended travel outside the United States. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

24.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_____           10/3/23
A Spencer McKiness                         _____
Assistant United States Attorney           Date


        I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____           10/3/23
Jamison Gann                               _____
Defendant                                  Date


10

I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____                    10/3/23
Donald J. Meier                                                     Date
Counsel for Defendant


MAB:ASM:20230925